Judge Owsley
delivered the Opinion of the Court.
Neal hired of James, for the term of one year, a negro man, at the price of two hundred and fifty dollars, and executed two notes, one for fifty dollars, and the other for two hundred dollars. The fifty dollar note was afterwards ¡¡aid by Neal, and suit was brought upon the other note, and judgment recovered at law.
Bill ->f injunction on tho . ground of unsoundness of the slave.
"Where the bailor, in hiring a si nvo, fraudulently conceals its nnsoundnoss, if the bailee, recently after discovering it, offer to return the slave, he may” enjoin the judgment that may be re-r/overed on the obligation for tho hire—
Unless he defend at law, and then ho shall not—
For—
The matter being cognizable in both Courts, the clccisffim of either is conclusivo.
If the fraud as to the consideration be pleaded at law, and the plaintiff demur, and the court overrule the plea, 'the decision will bar a bill in equity. That the plea in sueh case was pleaded in an action on but one of several obligations for the consideration, docs not vary the case,
*370 Neal (lien brought a bill in equity, with inju'nc. tion, to bo relieved against the judgment at law, alleging (lié. ttnsouridncss of. the negro at the time lie was hired, and charging James with fraudulent ly concealing the uitsoundness, &c.
On a final hearing, the injunction was made, perpetual by the decree of the circuit court, from which James appealed.
We have not deemed it necessary to give a minute statement of the case as it is set out in the bill, because, in whatever point of view it is considered* the principle upon which a court of equity can interpose and grant relief, is not discerned. No attempt is made in the bill, to draw any extraneous matter in aid of the alleged fraud of James rh hiring the negro, for the purpose of maintaining the jurisdiction of the court of equity; and we readily admit, that without such an attempt, a court of equity might take jurisdiction of the case, and decree relief, if it be true that the negro was unsound, and that unsoundness fraudulently concealed by James, and if it be also true, that recently after discovering the uiisoundness, Neal offered to return the negro to James, as is alleged in the hill.
Were it not also true, that in the action at law brought against Neal, those matters were pleaded and relied upon as a defence to James’ right to recover.
For, after being induced to hire the negro, through th'e fraudulent conduct of James, it was unquestionably competent for Neal to refuse to abide hy the contract* treat it as a nullity, offer to return the negro, and either plead the matter in defence to the action at law, or waive such defence and apply to a court of equity for relief. But having the privilege of either defending the action at law, or resorting to a court of equity, it is plain, that after adopting either course, Neal cannot, according to "well settled principles, avail himself of the other.
The matter being cognizable, both in equity ami law, a decision in either court is conclusive upon the other.
And upon adverting to the record of the action at law, it will he discovered that Neal, in defence *371 to that action, in appropriate form, pleaded every fact necessary in. point of law to avoid the contract, and the same facts which he now relies upon in his bill, tobe relieved against the judgment. It is true, the two hundretj dollar note which was drawn in question in the action at law, formed but a part of the consideration, or price which Neal was to pay for the hire of.the negro; but that circumstance dees not, we apprehend, affect the case. If, for the fraud of James, the contract might be treated as a nullity, Neal undoubtedly, after offering to restore the negro, was at liberty to plead the fraud in defence of any action which James might bring, cither for the whole or part of the price We know, that from the record of - the proceedings at law, the plea of Neal was demurred to by James, ami the demurrer sustained bv the court. But that does not prove that Neal may now be relieved in a court of equity — it proves that a good pica was. erroneously adjudged bad by the court at law; but it is not the province of a court of equity to revise the errors oE-conrts of law, or to relieve the litigant parlies from the effects of such errors.
Courts of equity cannot revise errors at law.
Damages.
October 13,
Motion for re-hearing on the allegation, that the error had been removed by an aincjulmepi. lately made to the reco/d of thojud^-. moot enjoined, for which a csrUnmri is now first moved-Oren n kid.
*371 The court of appellate jurisdiction is the proper tribunal to. correct errors of that sort, and to that tribunal, ancl^not to a court of equity, Neal ought to have 'applied, to be relieved from the effect of the erroneous decision of the court of law, \ipon the demurrer to his plea.*
It results, therefore, that the decree must be reversed with cost, the cause remanded to the court below, the. bill dismissed, and the injunction dissolved, with cost and damages.

 SeeLamb vs. Santler?. 1 Monj-oe, “267